RECEIVED
AUG - 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| THOMAS RUONA | CIVIL ACTION NO. 03-2111 |
| VERSUS | JUDGE DOHERTY |
| THE SHOE SHOW OF ROCKY MOUNT, INC. D/B/A SHOE SHOW, INC. AND/OR THE SHOE DEPARTMENT | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a Motion in Limine [Doc. 37] filed on behalf of the defendant in which it seeks three evidentiary rulings by the Court prior to trial concerning (a) the use of "negative references" to corporations; (b) Ron Coleman's demotion and the allegations of sexual harassment made against him; and (c) comments made by the plaintiff to third parties about the events he alleges occurred while he was employed. The motion is opposed by the plaintiff.

While the Court commends the defendant for seeking evidentiary rulings in advance of trial, the specific concerns presented in the current motion are such that ruling on them is not possible outside of the specific context of the actual evidence (and theories) to be presented at trial. For instance, with regard to the issue of comments concerning corporations generally, certainly it is true that blatant appeals to bias or prejudice are clearly unacceptable and, for that reason, would be prohibited (or, if necessary, stricken) by contemporaneous ruling of this Court. However, "negative references" to the particular corporation which is a party to this case and to that corporation's prevailing culture – whether "good ole boy" or otherwise – might reflect the plaintiff's perception (a perception which, under the right circumstances, could be an essential part of the plaintiff's case) and, therefore, could be justifiable in the specific context in which such comments are made.

Because "negative references" are not innately admissible *or* inadmissible, this Court cannot rule on the admissibility of specific comments outside of the specific context presented at trial.

Similarly, with regard to questions concerning allegations against Mr. Coleman made by another employee after the termination of the plaintiff's employment, this Court cannot determine the relevance of such evidence without more information about the plaintiff's allegations and evidence generally, the defense theories presented at trial, the third party employee's allegations, and the specific evidence the plaintiff intends to present at trial, as well as the role such evidence is intended to play. In the absence of such information, this Court cannot rule on the admissibility of such evidence. Moreover, the plaintiff has indicated, in his brief, that he has not yet determined whether, to what extent, or to what end he might seek to introduce evidence concerning Mr. Coleman's demotion. In the absence of a decision by the plaintiff to attempt to introduce such evidence, the issue is not ripe for presentation to this Court.

Finally, the defendant seeks to preclude evidence of comments made by the plaintiff to his wife and to a friend concerning the events which form the basis upon which this litigation rests. At first blush, it would appear that such comments could be both relevant (*if* the defendant challenges the plaintiff's claims on the basis of his delay in reporting the alleged statements) and admissible pursuant to F.R.E. 801 and/or 803. Once again, however, the final determination as to whether such comments will or will not be permitted into evidence will depend upon the specific evidence presented, as well as the context in which it is presented.

For the foregoing reasons, the motion in limine by defendants will be DENIED as premature

at this time, without prejudice to the defendant's right to re-urge any or all of its objections at trial.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___8___ day of August, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE